**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KEVIN MACK,

        Petitioner,

v.                                                        Case Number: 18-12756
                                                            HONORABLE AVERN COHN

WILLIS CHAPMAN,

        Respondent.
_____/

**MEMORANDUM AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS (Doc. 5)
AND DENYING A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Kevin Mack (Petitioner) filed a petition for a writ of habeas corpus challenging his convictions for possession with intent to deliver less than five kilograms of marijuana, being a felon in possession of a firearm, and possession of a firearm during the commission of a felony. Respondent, through the Attorney General's office, filed a motion to dismiss, arguing that the petition is untimely. For the reasons which follow, the motion will be granted.

**II. Background**

Petitioner was convicted by a jury in Wayne County Circuit Court and, on June 22, 2015, sentenced to 34 months to 8 years for the possession with intent to deliver conviction, 5 years for the felony-firearm conviction, and 34 months to 10 years for the felon-in-possession conviction.

The Michigan Court of Appeals affirmed Petitioner's convictions, People v. Mack,

No. 328258, 2016 WL 6905591 (Mich. Ct. App. Nov. 22, 2016); and the Michigan Supreme Court denied leave to appeal. People v. Mack, 500 Mich. 1003 (Mich. May 31, 2017).

Petitioner filed the pending habeas corpus petition on August 30, 2018.

## II. Discussion

Respondent argues that the petition is barred by the one-year statute of limitations. Under 28 U.S.C. § 2244(d), a prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D).

Here, the Michigan Supreme Court denied Petitioner's application for leave to appeal on May 31, 2017. Because Petitioner did not petition for a writ of certiorari with the United States Supreme Court, his conviction became final on August 29, 2017, when the time period for seeking certiorari expired. Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The limitations period began the following day, August 30, 2017, and continued to run, uninterrupted, until it expired 365-days later, on August 29, 2018. See id. (one-year limitations period commences the day after the expiration of the 90-day period for filing a petition for a writ of certiorari). Petitioner signed and dated his petition on August 30, 2018, and it is considered filed on that date. See Houston v.

2

Lack, 487 U.S. 266, 270 (1988).  The petition is untimely by one day.  That the petition was filed only one day late, rather than one week or one month late, does not change the Court's analysis.  The Supreme Court has made clear that, for filing deadlines, close is not good enough:

> If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it.  Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.  Any less rigid standard would risk encouraging a lax attitude toward filing dates. ...  A filing deadline cannot be complied with, substantially or otherwise, by filing late – even by one day.

United States v. Locke, 471 U.S. 84, 101 (1985) (citation omitted).  See also Hartz v. United States, 419 F. App'x 782, 783 (9th Cir. 2011) (affirming the dismissal of a federal habeas petition where petitioner "simply missed the statute of limitations deadline by one day.")

The petition was filed one day late and, absent equitable tolling, is time barred.  Petitioner did not respond to the motion to dismiss and in his petition, under the section within the standard § 2254 form allowing petitioners to explain timeliness issues, Petitioner wrote "NA".  See Pet. at 14.  The Court finds no basis for equitably tolling the limitations period.

### III.  Conclusion

For the reasons stated, Respondent's motion for dismissal is GRANTED.  The petition is DISMISSED.

Further, because jurists of reason could not find the Court's procedural ruling that

3

the petition is untimely debatable, a certificate of appealability is DENIED. See 28 U.S.C. § 2253(c)(1)(a), (2); Fed. R. App. P. 22(b).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 8/29/2019
Detroit, Michigan